## U.S. Bank N.A. v Aarons

2024 NY Slip Op 30589(U)

February 26, 2024

Supreme Court, Bronx County

Docket Number: Index No. 32400/2016E

Judge: Ben R. Barbato

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

NEW YORK SUPREME COURT – COUNTY OF BRONX

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 40

-------------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE ON BEHALF OF AND WITH
RESPECT TO AJAX MORTGAGE LOAN TRUST
2013-A, MORTGAGE-BACKED NOTES, SERIES
2013-A,

                               Plaintiff(s),

     -against-

MICHAEL AARONS, et al.

                               Defendant(s).

-------------------------------------------------------------------------X

Index №. 32400/2016E

Hon. **BEN R. BARBATO**
Justice of the Supreme Court

The following papers were read on motion (Seq. No. **9**) for **VACATE DECISION/ORDER/JUDGMENT** submitted on **June 28, 2022**

| Notice of Motion, Affirmations and Exhibits | NYSCEF Doc. # 208-225 |
|---|---|
| Affirmation in Opposition and Exhibits | NYSCEF Doc. # 249-250 |
| Affirmation in Reply and Exhibits; Withdrawal letter | NYSCEF Doc. # |

Upon the foregoing papers, the defendants Michael Aarons and Bridgette Aarons ("Defendants") move for an order pursuant to CPLR 2221(d), 5015(a)(2), RPAPL § 1302-a, RPAPL § 1304, and CPLR 4403, vacating all prior orders issued in this action and dismissing the plaintiff's complaint. The plaintiff U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2016-2, Mortgage-Backed Notes, Series 2016-2 ("Plaintiff") opposes the motion.

*Background*

Plaintiff commenced this residential foreclosure action by filing a summons and complaint on May 5, 2016. On May 27, 2016, Defendants filed an answer asserting various affirmative defenses, including noncompliance with RPAPL § 1304 and lack of standing to foreclose.

1

[* 1]

On July 28, 2016, Plaintiff moved for an order granting it, among other things, summary judgment pursuant to CPLR 3212, dismissing the defenses asserted in the answer pursuant to CPLR 3211(b), treating the answer as a limited notice of appearance, and appointing a referee to determine the amount due. Defendants did not oppose the motion. By decision and order dated January 25, 2017, the motion was granted (NYSCEF Doc.#44) and the decision was served with notice of entry on February 9, 2017 (NYSCEF Doc.#45).

On February 6, 2018, Plaintiff moved for a judgment of foreclosure and sale, an order confirming the referee's report, and related relief. Defendants opposed the motion asserting, *inter alia*, that Plaintiff lacked standing to commence the action. By decision and order and judgment dated June 22, 2018, the motion was granted (NYSCEF Doc.#98-99) and the judgment was served with notice of entry on July 5, 2018 (NYSCEF Doc.#100). A foreclosure sale was scheduled thereafter.

On August 3, 2018, Defendants filed an order to show cause with a temporary restraining order seeking to stay the sale and to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a). By decision and order dated March 8, 2019, Defendants' motion was denied. The Court found that Defendants were not entitled to vacatur of the judgment of foreclosure and sale because they failed to establish a meritorious defense to the action. The Court specifically held that Plaintiff established its standing by demonstrating that it possessed the note when the action was commenced, as evidenced by attaching the endorsed note to the summons and complaint. Consequently, "any infirmity in the assignment of the mortgage [was] immaterial" (NYSCEF Doc.#126). The Court found that Defendants' bare and conclusory allegations insufficient to establish any sort of fraud that would warrant vacating the prior orders of this Court (*id.*). The decision was served with notice of entry of March 13, 2019 (NYSCEF Doc.#127). Defendants did not appeal the decision. Thereafter, this matter was stayed due to Defendants' bankruptcy filings.

Defendants made this motion on May 17, 2022, again seeking to vacatur of the prior orders of this Court.

*Applicable Law and Analysis*

Defendants present no legal basis to vacate the summary judgment order or judgment of foreclosure and sale pursuant to CPLR 5015. Plaintiff's motion for summary judgment was granted without opposition. Defendants supply no grounds to excuse their default in opposing the motion.

2

[* 2]

While Defendants argue that courts have the inherent power to vacate their own judgment in the interest of substantial justice, such power is properly invoked where the judgment was "obtained as a result of fraud, mistake, inadvertence, surprise or excusable neglect" (*Prote Contracting Co., Inc. v. Board of Educ. of the City of New York*, 230 AD2d 32, 39 [1st Dept 1997]). No such circumstances exist in this case. Contrary to Defendants' contentions, the January 25, 2017 order struck Defendants' answer and affirmative defenses as a result of granting Plaintiff summary judgment on its cause of action pursuant to CPLR 3212. Defendants' answer was not stricken pursuant to CPLR 3126 (3) for willful and contumacious disregard of discovery obligations.

Defendants next contend that RPAPL §1302-a requires this Court to determine if Plaintiff had standing to commence this action. This statute provides that a standing defense is not waived if a defendant fails to raise the defense in a responsive pleading or pre-answer motion to dismiss (RPAPL 1302-a). The statute, however, does not permit a defendant to essentially re-litigate the issue of standing once it has been addressed and decided (*see Deutsche Bank Natl. Tr. Co. v. Freedman*, 201 AD3d 1234, 1236 [3d Dept 2022]). In this case, Defendants raised the issue of standing in their answer, in opposition to the motion for a judgment of foreclosure and sale, and in support of their prior motion to vacate. This Court specifically addressed and resolved the issue of standing in its decision denying Defendants' prior motion to vacate. RPAPL §1302-a is therefore inapplicable since there is no issue of waiver (*id.*).

Defendants next argue that the evidence filed in support of the summary judgment motion was inadmissible and failed to demonstrate Plaintiff's standing as a matter of law. Defendants, however, did not oppose the motion, and as stated above, have not established entitlement to vacatur of that default. To the extent this branch of the motion seeks leave to reargue, it is untimely as to either the summary judgment order or the judgment of foreclosure and sale (CPLR 2221 [d] [3]). Moreover, Defendants raised the issue of standing in support of their prior motion to vacate, thus they are precluded from moving again to vacate the prior orders of this Court on the same ground (*HSBC Bank USA, Nat. Ass'n v. Legros*, 122 AD3d 799, 800 [2d Dept 2014]).

Defendants argue that they are entitled to vacatur of the summary judgment order pursuant to CPLR 5015 (a) (2) on the ground of newly discovered evidence: a sworn report from a forensic auditor allegedly showing that Plaintiff lacked standing to bring this action. This argument also fails. "Newly discovered evidence" for the purpose of 5015 (a) (2) "is evidence which was in existence but

3

[* 3]

undiscoverable with due diligence at the time of the original order or judgment" (*Nationstar Mtge., LLC v. Paganini*, 191 AD3d 790, 793 [2d Dept 2021]). The report Defendants rely upon to challenge standing was not in existence at the time of the original orders, as it was prepared on October 16, 2019 – over 2 ½ years after the summary judgment order and over one year after the judgment of foreclosure and sale. Defendants also fail to demonstrate that the report could not have been procured earlier with due diligence (*id.*, *see also Herman v. Herman*, 179 AD3d 594, 595 [1st Dept. 2020]). To the extent Defendants rely on this report to seek renewal of the prior summary judgment or judgment of foreclosure and sale motions (CPLR 2221 [e]), this contention is also unavailing. Defendants offer no reasonable justification for why they failed to submit this report in opposition to the prior motions (*see Lax v. Design Quest, N.Y. Ltd.*, 118 AD3d 490, 490 [1st Dept 2014]; CPLR 2221 [e] [3]).

Defendants further argue that the summary judgment order should be vacated because Plaintiff failed to demonstrate compliance with RPAPL §1304. Again, Plaintiff failed to oppose the summary judgment motion and did not raise this contention in opposition to the motion for judgment of foreclosure and sale. This defense can be raised "at any time *prior to the entry of judgment of foreclosure and sale* (*U.S. Bank National Association v Krakoff*, 199 AD3d 859, 862 [2d Dept 2021][emphasis added]). Here, the judgment of foreclosure and sale here was entered on June 22, 2018, years before this motion was made. The judgment of foreclosure and sale against Defendants was "final as to all questions at issue between the parties, and conclude[d] all matters of defense which were or might have been litigated in the foreclosure action" (*Long Is. Sav. Bank v. Mihalios*, 269 AD2d 502, 503 [2d Dept 2000]). Since Defendants did not set forth any valid grounds to vacate the judgment (either under CPLR 5015 [a] [2] or 2221 [e]), they are precluded from now raising the issue of Plaintiff's alleged noncompliance with RPAPL §1304 (*see, e.g., U.S. Bank Trust, N.A. v Aulder*, 219 AD3d 666, 668 [2d Dept 2023]).

For the same reasons, Defendants are precluded from arguing that the referee violated CPLR 4313 by failing to hold a noticed hearing or violated CPLR 4319 and 4320 (b) by allegedly failing to file a report within thirty days after the matter was submitted. In any event, these contentions are without merit. The referee's failure to hold a hearing does not require reversal of a judgment of foreclosure and sale where, as here, the defendant was not prejudiced, since they had an opportunity to raise questions and submit evidence directly to the Court when Plaintiff moved for an order to confirm the referee's report (*see Bank of N.Y. Mellon v. Viola*, 181 AD3d 767, 770 [2d Dept 2020]). The referee's failure to

[* 4]

file the report within thirty days after the matter was submitted does not avail Defendants, since they were not prejudiced by this delay (*see, e.g., Capili v. Ilagan*, 26 AD3d 354, 354 [2d Dept 2006]).

Accordingly, it is hereby

ORDERED, that Defendants' motion is denied.

This constitutes the Decision and Order of this Court.

Dated: FEB 2 6 2024

Hon. _____
BEN R. BARBATO, J.S.C.

1. CHECK ONE............................................  X CASE DISPOSED IN ITS ENTIRETY  ☐ CASE STILL ACTIVE

2. MOTION IS...............................................  ☐ GRANTED  X DENIED  ☐ GRANTED IN PART  ☐ OTHER

3. CHECK IF APPROPRIATE.....................  ☐ SETTLE ORDER  ☐ SUBMIT ORDER  ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT  ☐ REFEREE APPOINTMENT

5